IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS VALENTI, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-3233 |
| | : | |
| JAMES FRANK, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**PEREZ, J.**                                                                                                 **JULY 10, 2025**

Plaintiff Nicholas Valenti, a pretrial detainee currently incarcerated at the Chester County Prison, brings Fourth Amendment claims pursuant to 42 U.S.C. § 1983 based on the force used against him by state troopers and matters related to his pending criminal prosecution. Valenti seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Valenti leave to proceed *in forma pauperis* and dismiss the Complaint.

I.    **FACTUAL ALLEGATIONS**[1]

The Complaint names as Defendants four Pennsylvania State Troopers—James Frank, Stephon Galka, Roman Zabolotnyy, and Yochi Charleus.[2] On April 6, 2023, Valenti was

---

[1] The following allegations are taken from the Complaint and publicly available dockets of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[2] In drafting his Complaint, Valenti checked the boxes on the form he used indicating that he seeks to name the Defendants in their official capacity. (Compl. at 2-3.) Valenti appears not to have understood the implication of checking the official capacity box. Claims against state employees named in their official capacity are indistinguishable from claims against the state itself, which means official capacity claims against the Troopers are barred by Pennsylvania's Eleventh Amendment immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." (quotations omitted)); *Atkin v. Johnson*, 432 F. App'x 47, 48 (3d Cir. 2011) (*per curiam*) ("The District Court correctly determined that the Eleventh

arrested in connection with a criminal complaint charging him with twenty-one offenses, including attempted murder of a police officer and arson, based on events that allegedly occurred on April 3, 2023.  *See Commonwealth v. Valenti*, No. CP-15-CR-0001374-2023 (C.P. Chester); *Commonwealth v. Valenti*, No. MJ-15306-CR-0000104-2023.  He is currently awaiting trial on those charges.

Valenti's current Complaint relates to this criminal proceeding.  He alleges that the events giving rise to his claims occurred on April 3, 2023, when the Troopers arrived at an address in Elverson, Pennsylvania where Valenti was located.[3]  (Compl. 4-5.)  Valenti alleges that one of the Defendants "use[d] excessive force and maliciously shot [him] in the hand," and that Defendants Roman and Zabolotnyy shot him in the leg "while [he] was unarmed."  (*Id.* at 5.)  Valenti sustained injuries to his right hand and thigh and experienced emotional distress.  (*Id.*)  He also alleges that between May 6, 2023, and May 8, 2023, he "caught an infection in [his] hand from the lack of medical attention" at the Chester County Prison, for which he was sent to the hospital and "almost died."[4]  (*Id.* at 4-5.)

---

Amendment bars claims for damages against the PSP, a state agency that did not waive its sovereign immunity. To the extent Johnson was sued in his official capacity, he too was immune from suit." (citations omitted)).  In any event, the Complaint is best construed as raising claims against the Troopers in their individual capacity, so the Court will analyze it using that interpretation.  *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings." (quotations omitted)); *Coward v. City of Philadelphia*, No. 21-1619, 2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (permitting claim against defendant in his individual capacity to proceed even though "[plaintiff] did not check the box indicating a desire to sue [that defendant] in his individual capacity" where the allegations clearly sought relief based on the defendant's conduct).

[3] The Complaint does not provide any explanation as to why the Troopers were at that location.

[4] Although it appears Valenti intends to bring a claim based on the adequacy of medical care at the Chester County Prison, there is no plausible basis for concluding that the Defendants, all of whom are Troopers with the Pennsylvania State Police, would be responsible for that care.

Valenti further contends that the Defendants made unspecified "false statements" that "provided the essential probable cause for [an] invalid search warrant affidavit," and that reports and records "contradic[ted] the defendant's testimony." (*Id.* at 5.) Valenti does not further describe that testimony, but it presumably occurred in the court of his related criminal proceedings. Valenti brings constitutional claims for damages based on these events. (*Id.* at 3, 5.)

## II.   STANDARD OF REVIEW

The Court will grant Valenti leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[5]  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, the Complaint fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At the screening stage, the Court accepts the facts alleged in the *pro se* Complaint as true, draws all reasonable inferences in the plaintiff's favor,

---

Accordingly, if Valenti seeks to pursue any claims based on this allegation, he must file a new lawsuit naming proper defendants and setting forth in detail how those defendants were responsible for acting with deliberate indifference to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (setting forth deliberate indifference standard); *Edwards v. Northampton Cnty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (*per curiam*) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)).  The Court expresses no opinion on the merits of any such claims.

[5] However, as Valenti is currently incarcerated, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Additionally, a court may dismiss a complaint based on an affirmative defense when the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). As Valenti is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court is also obligated to dismiss any claims that seek monetary relief from an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### III. DISCUSSION

Valenti brings his claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). Valenti's claims against the Troopers are properly construed as arising under the Fourth Amendment.[6] *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017) ("If the

---

[6] Although the Complaint invokes other constitutional provisions, (Compl. at 3), none of those provisions support a basis for a claim against the Troopers based on the facts alleged. That includes any claims that Valenti intended to raise under the Pennsylvania Constitution. *See*

4

complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment."); *Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding "that *all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach"); *see also Albright v. Oliver*, 510 U.S. 266, 273-74 (1994) (explaining that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment[] . . . must be the guide for analyzing these claims" (internal quotations omitted)).

### A.   Excessive Force Claims

Valenti's excessive force claims are time-barred. Pennsylvania's two-year statute of limitations applies to these claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). A prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Moody v. Conroy*, 680

---

*Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a private right of action for damages under the Pennsylvania Constitution."); *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution.").

F. App'x 140, 144 (3d Cir. 2017) (*per curiam*) ("Under the prison mailbox rule, . . . a pleading is deemed filed at the time a prisoner executes it and delivers it to prison authorities for mailing.").

Valenti's excessive force claims accrued on April 3, 2023, because that is when the Defendants allegedly subjected him to excessive force. It follows that Valenti knew or should have known of his injuries on this date. *See LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (*per curiam*) ("Claims for false arrest and assault (which would include LeBlanc's excessive force claim) typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury."); *see also Hickox v. Cty. of Blair*, 591 F. App'x 107, 110 (3d Cir. 2014) (*per curiam*) ("Hickox's cause of action accrued on November 13, 2010, the date on which he alleges he was injured by the defendants' actions."). However, Valenti did not file his Complaint until June 17, 2025 at the earliest,[7] which is more than two years after his claims accrued. Nor is there any basis for tolling here. Indeed, Valenti previously asserted these (and other) claims in a complaint filed with the Court in March 2025, but his case was dismissed without prejudice on May 20, 2025, because he abandoned it. *Valenti v. Frank*, No. 25-1576 (E.D. Pa.). It is apparent then that he was capable of pursuing his excessive force claims within the applicable statute of limitations. *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (courts may take judicial notice of prior lawsuits). Accordingly, Valenti's excessive force claims will be dismissed as time barred.

**B.     Claims Based on Search Warrant**

Valenti also alleges that Defendants gave "false statements" that "provided the essential probable cause for [an] invalid search warrant affidavit." (Compl. at 5.) "The Fourth

---

[7] The Complaint is dated June 17, 2025, (Compl. at 11), so that is the earliest date that Valenti could have delivered it to prison authorities for mailing.

6

Amendment prohibits the intentional or reckless inclusion of a material false statement (or omission of material information) in a search-warrant affidavit." *United States v. Pavulak*, 700 F.3d 651, 665 (3d Cir. 2012). "A § 1983 plaintiff may establish a Fourth Amendment violation in procuring a search warrant by showing: 1) the officer made false statements or omissions in the affidavit either deliberately or with reckless disregard for the truth; and 2) those misstatements or omissions were material to the judicial officer's finding of probable cause." *Bamont v. Pa. Soc'y for the Prevention of Cruelty to Animals*, 163 F. Supp. 3d 138, 145-46 (E.D. Pa. 2016) (citing *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997)). Valenti's Complaint lacks any factual allegations describing the content of the search warrant. He does not allege what the warrant permitted, nor does he describe the allegedly false statements that were made to procure the warrant. He also fails to describe any search or seizure that occurred, including when and where it occurred. Absent this basic information, the Complaint is conclusory and falls far short of stating a Fourth Amendment claim.

      **C.**     **Claims Based on False Testimony**

Although unclear, it is possible that Valenti may be attempting to pursue a claim against one of more of the Defendants for testifying falsely during Valenti's criminal proceeding. If so, this claim is not factually developed because it is unclear who allegedly testified and what they said. In any event, individuals are entitled to absolute immunity from civil rights claims based on testimony in court, including at pretrial hearings. *See Briscoe v. LaHue*, 460 U.S. 325, 329-46 (1983) (explaining that § 1983 does not allow recovery of damages against witnesses, including police officers, for testimony in a judicial proceeding); *Williams v. Hepting*, 844 F.2d 138, 141-43 (3d Cir. 1988) (explaining that *Briscoe* extends to pretrial proceedings). For these reasons, any claims based on false testimony will be dismissed.

IV.     **CONCLUSION**

For the foregoing reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii).  Valenti will be given leave to file an amended complaint only as to his Fourth Amendment claim based on the search warrant.[8]  All other claims against the Defendants will be dismissed with prejudice because amendment of those claims would be futile.  An appropriate Order follows, which provides further instruction about amendment.

**BY THE COURT:**

_____
**MIA R. PEREZ, J.**

---

[8] Valenti should note that "[i]f a plaintiff files a . . . claim related to rulings that will likely be made in a pending or anticipated criminal trial[], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *see also Younger v. Harris*, 401 U.S. 37, 43-44 (1971) (recognizing that the "longstanding public policy against federal court interference with state court proceedings" generally requires federal courts to abstain from addressing issues in state criminal proceedings absent exceptional circumstances); *Rex v. Fisher*, No. 12-4045, 2012 WL 3537846, at *2 (E.D. Pa. Aug. 15, 2012) (staying false arrest and illegal search claims for damages when plaintiff "ha[d] the opportunity to raise his Fourth-Amendment challenges in the course of his criminal proceeding").  If Valenti returns with an amended complaint developing his claim based on the search warrant, the Court will consider staying his claims until his criminal proceeding is resolved, including any available appeals, if appropriate.