IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS VALENTI,          : | |
|     Plaintiff,          : | |
|                            : | |
| v.                         : | CIVIL ACTION NO. 25-CV-3233 |
|                            : | |
| JAMES FRANK, *et al.*,      : | |
|     Defendants.         : | |

**MEMORANDUM**

**PEREZ, J.**                                                                 **SEPTEMBER 17, 2025**

Currently before the Court is an Amended Complaint filed by Plaintiff Nicholas Valenti, a pretrial detainee currently incarcerated at the Chester County Prison, in which he claims that he was subjected to excessive force and that his constitutional rights were violated in connection with his pending criminal prosecution. For the following reasons, the Court will dismiss certain of Valenti's claims and stay his remaining claims pending the outcome of his underlying criminal proceeding.

**I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

Publicly available dockets reflect that Valenti was arrested on April 6, 2023, in connection with a criminal complaint charging him with twenty-one offenses, including attempted murder of a police officer and arson, based on events that occurred on April 3, 2023. *See Commonwealth v. Valenti*, No. CP-15-CR-0001374-2023 (C.P. Chester); *Commonwealth v. Valenti*, No. MJ-15306-CR-0000104-2023. He was arraigned before a Magisterial District Judge

---

[1] The following allegations are taken from Valenti's pleadings and publicly available dockets of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

1

on the day of his arrest and incarcerated as of that date due to his inability to post bail. *See Valenti*, No. MJ-15306-CR-0000104-2023. The charges were transferred to the Chester County Court of Common Pleas for further proceedings, *id.*, and Valenti is currently awaiting trial. *See Valenti*, No. CP-15-CR-0001374-2023.

Valenti's initial Complaint named as Defendants four Pennsylvania State Troopers—James Frank, Stephon Galka, Roman Zabolotnyy, and Yochi Charleus. Valenti primarily alleged that the Troopers subjected him to excessive force by shooting him on April 3, 2023. (Compl. at 4-5.) He also alleged that the Defendants made unspecified "false statements" that "provided the essential probable cause for [an] invalid search warrant affidavit," and that reports and records "contradic[ted] the defendant's testimony." (*Id.* at 5.)

After granting Valenti leave to proceed *in forma pauperis*, the Court dismissed his Complaint upon screening for failure to state a claim. *See Valenti v. Frank*, No. 25-3233, 2025 WL 1908050, at *1 (E.D. Pa. July 10, 2025). Valenti's excessive force claims were dismissed with prejudice as time-barred because he brought them more than two years after they accrued. *Id.* at *3-4. Any claims based on false testimony were dismissed with prejudice as barred by absolute witness immunity. *Id.* at *4. Finally, the Court dismissed Valenti's claim based on an allegedly false search warrant because the Complaint lacked sufficient details to state a plausible Fourth Amendment claim, but gave Valenti leave to amend that claim only. *Id.*

Valenti returned with an Amended Complaint naming the same four Troopers and an additional Defendant, E. Kingsley, who appears to be another Trooper. (Am. Compl., ECF No. 7, at 1, 4.) The Amended Complaint reasserts, in more detail, Valenti's allegation that the Troopers used excessive force when they shot him twice on April 3, 2023 as he was escaping from his burning home, causing him serious injury. (*Id.* at 4-5, 12-18.) He alleges that the

Troopers falsely claimed he pointed a gun at them and shot at them when, in fact, he tripped while removing loaded pistols from his burning home that he was retrieving to prevent them from going off and causing injury. (*Id.* at 12-14.) He believes the police mistook fireworks and other noises caused by the fire interacting with flammable matter for gun shots. (*Id.* at 14, 16.)

Valenti further alleges that, while he was on the ground bleeding, the Defendants unlawfully searched his home without a warrant. (*Id.* at 15.) The remainder of his allegations concern his pending criminal proceeding. Specifically, Valenti claims the criminal charges are based on false allegations, *i.e.*, that he shot at the Troopers even though he did not, and on fabricated evidence created by the Defendants in violation of his Fourth Amendment and Due Process rights.[2] (*Id.* at 3, 15-18.). *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment."); *Black v. Montgomery Cnty.*, 835 F.3d 358, 371 (3d Cir. 2016) ("[A]n acquitted criminal defendant may

---

[2] Valenti notes other constitutional provisions he believes were violated, but he does not allege any facts that would support such violations. (*See* Am. Compl. at 3 (referring to the Fifth Amendment's prohibition on double jeopardy, the Sixth Amendment, the Eighth Amendment's prohibition on excessive bail, equal protection, and the Pennsylvania Constitution).) Such passing references to legal provisions are insufficient to bring a plausible constitutional claim before the Court. *See Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) ("A passing reference to an issue will not suffice to bring that issue before this court." (cleaned up) (quoting *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994))). Additionally, the Pennsylvania Constitution does not provide for a private claim for damages. *See, e.g.*, *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution."). Accordingly, these claims will be dismissed. *Sowell v. Altoona Police Dep't*, No. 23-2407, 2024 WL 1477082, at *3 n.4 (3d Cir. Apr. 5, 2024) ("To the extent that Sowell listed several other constitutional amendments in his amended complaint, he did not include any factual allegations that could support any additional federal constitutional claims, and he cannot bring claims for rights pursuant to the Pennsylvania state constitution.").

have a stand-alone fabricated evidence claim against state actors under the due process clause of the Fourteenth Amendment if there is a reasonable likelihood that, absent that fabricated evidence, the defendant would not have been criminally charged."). He also claims that the Troopers falsely charged him to cover up their use of excessive force and to justify taking his guns, which he had a permit to carry. (Am. Compl. at 15, 18.) He brings claims for damages pursuant to 42 U.S.C. § 1983. (*Id.* at 4, 5.)

## II.    STANDARD OF REVIEW

Since Valenti is proceeding *in forma pauperis* in this matter, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Amended Complaint if, among other things, the Complaint fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the screening stage, the Court accepts the facts alleged in the *pro se* Amended Complaint as true, draws all reasonable inferences in the plaintiff's favor, and asks only whether the pleading, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Additionally, a court may dismiss a complaint based on an affirmative defense when the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). As Valenti is proceeding *pro se*, the Court construes

his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.  DISCUSSION

#### A.  Excessive Force and Illegal Search Claims

Valenti's excessive force and illegal search claims are time-barred. Pennsylvania's two-year statute of limitations applies to these claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). A prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Moody v. Conroy*, 680 F. App'x 140, 144 (3d Cir. 2017) (*per curiam*) ("Under the prison mailbox rule, . . . a pleading is deemed filed at the time a prisoner executes it and delivers it to prison authorities for mailing.").

As explained when the Court dismissed Valenti's original Complaint, Valenti's excessive force claims accrued on April 3, 2023, because that is when the Defendants allegedly subjected him to excessive force. It follows that Valenti knew or should have known of his injuries on that date. *See LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (*per curiam*) ("Claims for false arrest and assault (which would include LeBlanc's excessive force claim) typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury."); *see also Hickox v. Cnty. of Blair*, 591 F. App'x 107, 110 (3d Cir. 2014) (*per*

*curiam*) ("Hickox's cause of action accrued on November 13, 2010, the date on which he alleges he was injured by the defendants' actions."). Valenti's illegal search claims likewise accrued on April 3, 2023, because that is when he observed the Defendants engaging in the allegedly illegal search. *See Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 (3d Cir. 2014) (*per curiam*) ("[T]he statute of limitations for claims of wrongful searches and seizures would have begun to run at the time of the searches and seizures . . . ."). However, as previously explained, Valenti did not file this case "until June 17, 2025 at the earliest, which is more than two years after his claims accrued." *See Valenti*, 2025 WL 1908050, at *3 (footnote omitted). And as before, tolling does not apply because it is apparent from public records that Valenti was capable of timely pursuing his claims, since he previously asserted similar claims in a complaint that was dismissed without prejudice on May 20, 2025, because he abandoned it. *Valenti v. Frank*, No. 25-1576 (E.D. Pa.); *see Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (courts may take judicial notice of prior lawsuits). Accordingly, Valenti's excessive force and illegal search claims based on the events of April 3, 2023 will be dismissed with prejudice as time-barred.[3]

### B. Remaining Claims

Valenti's remaining claims are those predicated on the falsity of the criminal charges filed against him and the alleged fabrication of evidence used to support those charges and to seize his guns. When a plaintiff brings claims "related to rulings that will likely be made in a

---

[3] As before, to the extent Valenti claims to have been the victim of medical malpractice during his incarceration, it is not clear how that allegation could result in the Defendants' liability. *Valenti*, 2025 WL 1908050, at *2 n.4 ("Although it appears Valenti intends to bring a claim based on the adequacy of medical care at the Chester County Prison, there is no plausible basis for concluding that the Defendants, all of whom are Troopers with the Pennsylvania State Police, would be responsible for that care.").

pending or anticipated [state] criminal trial[,]" "it is within the power of the district court, and in accord with common practice, to stay the civil action [often referred to as *Younger* abstention] until the criminal case or the likelihood of a criminal case is ended." *Wallace*, 549 U.S. at 393-94; *see also Younger v. Harris*, 401 U.S. 37, 43-44 (1971) (recognizing that the "longstanding public policy against federal court interference with state court proceedings" generally requires federal courts to abstain from addressing issues in state criminal proceedings absent exceptional circumstances); *PDX N., Inc. v. Comm'r N.J. Dep't of Lab. & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (explaining that *Younger* extension is appropriate in "criminal prosecutions" when certain factors are met). "[T]he specific elements of *Younger* abstention are that '(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.'" *Lombardo v. Yost*, No. 24-1383, 2024 WL 2959302, at *7 n.8 (E.D. Pa. June 12, 2024) (quoting *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)). Because Valenti has an opportunity to challenge the veracity of the charges and related evidence in the course of his ongoing state criminal proceeding, *see Commonwealth v. Valenti*, No. CP-15-CR-0001374-2023 (C.P. Chester), which necessarily implicates important state interests, the Court will stay his remaining damages claims until that proceeding is resolved. *See, e.g.*, *Rex v. Fisher*, No. 12-4045, 2012 WL 3537846, at *2 (E.D. Pa. Aug. 15, 2012) (staying false arrest and illegal search claims for damages when plaintiff "ha[d] the opportunity to raise his Fourth-Amendment challenges in the course of his criminal proceeding"); *see also Evans v. Ct. of Common Pleas, Delaware Cnty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992) ("In no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings.").

## IV. CONCLUSION

For the foregoing reasons, the Court will stay Valenti's Fourth Amendment, Due Process and Second Amendment claims pending the outcome of his pending criminal proceeding, *see Commonwealth v. Valenti*, No. CP-15-CR-0001374-2023 (C.P. Chester), and dismiss with prejudice his excessive force and illegal search claims based on the events of April 3, 2023. An appropriate Order follows.

BY THE COURT:

_____
**HON. MIA R. PEREZ**
